## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TONITA THOMPSON,
individually and on behalf
of similarly situated individuals,

                      Case No. 15-11281

        Plaintiff,

    v.

LVNV FUNDING LLC; and         TRIAL BY JURY DEMANDED
J.C. CHRISTENSEN & ASSOCIATES,
INC.,

                      CLASS ACTION

        Defendants.
_____

## COMPLAINT

## INTRODUCTION

1.    Plaintiff, Tonita Thompson brings this action individually and on behalf of a class of similarly situated persons against Defendants LVNV Funding LLC and J.C. Christensen & Associates, Inc.

2.    Defendants violated the Fair Debt Collection Practices Act ("FDCPA") in impermissibly attempting to collect a debt from Plaintiff that was barred by the Michigan six (6) year statute of limitations using collection letters using the phrase "we have been authorized to negotiate GENEROUS SETTLEMENT TERMS."

3.    Defendants violated the FDCPA by impermissibly attempting to collect interest to which it was not entitled to collect on charged off HSBC Bank Nevada N.A. accounts. *See Stratton v. Portfolio Recovery Assocs., LLC,* 770 F.3d 443 (6th Cir. 2014); *See also McDonald v. Asset Acceptance, LLC*, 296 F.R.D. 513 (E.D. Mich. 2013).

## JURISDICTION AND VENUE

4.    This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. §1692k and supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claims under the Michigan Collection Practices Act as they are so related and arise under a common nucleus of operative facts of Plaintiff's federal claims under the FDCPA.

5.    Venue and personal jurisdiction over Defendants in this District is proper because:

a. Plaintiff resides in the District;

b. Defendants collection attempts were directed to Plaintiff within the District; and

c. The subject collection letters have an address of PO Box 1952, Southgate, MI 48195-0952.

## PARTIES

6.    Plaintiff is a natural person who resides within the District.

7.      LVNV Funding, LLC is a limited liability company chartered under Delaware law and its registered agent in the State of Michigan is CSC-Lawyers Incorporating Service (Company), 601 Abbot Road, East Lansing, MI 48823.

8.      J.C. Christensen & Associates, Inc., is a corporation charted under Minnesota law and its registered agent in the State of Michigan is The Corporation Company, 30600 Telegraph Rd., Ste. 2345, Bingham Farms, MI 48025.

9.      Defendants, each, are a "debt collector" under the FDCPA in that it attempts to collect debts purchased from original creditors that are in default.

10.     LVNV is a "regulated person" as the term in used and defined in the Michigan Collection Practices Act.

11.     J.C. is a "collection agency" as the term in used and defined in the Michigan Collection Practices Act.

## FACTS

12.     Plaintiff incurred debts for personal, family or household purposes, and subsequently defaulted on her obligations.

13.     On information and belief, LVNV purchased two of Plaintiff's debts in one or more portfolios of similar debts at pennies on the dollar.

14.     LVNV attempted to collect two debts Plaintiff was in default on.

15.     J.C. attempted to collect two debts Plaintiff was in default on.

16.     As part of Defendant's attempt to collect a debt on an account ending with 5739 from Plaintiff, Plaintiff was sent a letter dated April 3, 2014, a redacted copy of which is attached hereto as Exhibit A.

17.     Exhibit A in part states, "we have been authorized to negotiate GENEROUS SETTLEMENT TERMS."  Exhibit A.

18.     Exhibit A in part states, "outstanding account balance."  Exhibit A.

19.     As part of Defendant's attempt to collect a debt on an account ending with 5217 from Plaintiff, Plaintiff was sent a letter dated August 8, 2014, a redacted copy of which is attached hereto as Exhibit B.

20.     Exhibit B in part states, "we have been authorized to negotiate GENEROUS SETTLEMENT TERMS."  Exhibit B.

21.     Exhibit A in part states, "outstanding account balance."  Exhibit B

22.     Exhibit A and Exhibit B are for different debts, but the original creditor of both debts is HSBC Bank Nevada N.A.

23.     According to Credit Karma the date of Plaintiff's last payment on the debt in Exhibit A was May 23, 2008.

24.     According to Credit Karma the date of Plaintiff's last payment on the debt in Exhibit B was May 23, 2008.

25.     An unsophisticated consumer reading a letter in the form of Exhibit A or Exhibit B could have been lead to believe that their debt was legally enforceable.

26.    The debt reflected in Exhibit A has been in default for more than six years.

27.    Defendants knew or should have known that the debt reflected in Exhibit A was time barred.

28.    According to Experian, LVNV was reporting on Plaintiff's consumer report the debts reflected in Exhibit A and B.

29.    It is unlikely that LVNV lacked any knowledge of the age of Plaintiff's debt in Exhibit A and Exhibit B that it sought to collect.

30.    When attempting to collect a time barred debt, debt collectors should state in their collection letters, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." *See e.g. United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T27EAJ, Doc. 5, Consent Decree (M.D. Fla. Jan. 31, 2012); Theodore (Ted) J. Greeley, Rob M. Horwitz, The Sixth Circuit Rules That Statute –of-Limitations Disclosures Could Help Consumers and Limits the Ability to Defeat Letter Claims With Early Motions (Jan. 16, 2015) *available at [http://www.cfs-lawblog.com/Court-Rules-Disclosures-Defeat-FDCPA-Early-Motions](http://www.cfs-lawblog.com/Court-Rules-Disclosures-Defeat-FDCPA-Early-Motions)* ("Debt collectors should thus give serious thought to eliminating the word 'settlement' from their vocabulary unless they have actually filed a lawsuit against the consumer.")

31.     The Federal Trade Commission ("FTC") has found that nondisclosure of the fact that a debt is time-barred might deceive a consumer in at least two ways: first, because most consumers do not know or understand their legal rights with respect to the collection of time-barred debt, attempts to collect on such debt may create a misleading impression that the consumer has no defense to a lawsuit; and second, consumers often do not know that in many states the making of a partial payment on a stale debt actually revives the entire debt even if it was otherwise time-barred.

32.     Given the potential for confusion, and to avoid creating a misleading impression, the FTC recommended that if a collector knows or should know that it is collecting on a time-barred debt, it must inform the consumer that (1) the collector cannot sue to collect the debt, and (2) providing partial payment would revive the collector's ability to sue to collect the remaining balance.

33.     Most consumers do not understand their legal rights with respect to time-barred debts.

34.     The use of the phrase "we have been authorized to negotiate GENEROUS SETTLEMENT TERMS" to the unsophisticated consumer is a phrase used in a civil lawsuit to describe a communication from one party to the other suggesting a settlement – an agreement to end the lawsuit before a judgment is rendered.

## COUNT I

35.    Plaintiff incorporates paragraphs 1-34 above herein.

36.    15 U.S.C § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (2) The false representation of --
>
>    (A) the character, amount, or legal status of any debt. . . .
>
> * * *
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37.    15 U.S.C § 1692f provides in part that, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

38.    Michigan's statute of limitations applicable to the debts in Exhibit A and Exhibit B is 6 years.

39.    Defendants attempted to collect a debt from Plaintiff that was barred by the Michigan Statute of Limitations.

7

40.     Defendants were attempting to collect an amount within the unpaid balance listed in Exhibit A and Exhibit B, that was comprised of an amount of interest to which it was not entitled to collect as the account had been charged off and the original creditor stopped sending Plaintiff monthly billing statements. The violation of law here is similar to that alleged in *McDonald v. Asset Acceptance, LLC*, 296 F.R.D. 513 (E.D. Mich. 2013), which granted summary judgment in the plaintiffs' favor.

41.     On information and belief, hundreds of the class members who received a letter in the form of Exhibit A or Exhibit B or where Defendants were attempting to collect an amount of impermissible interest made a payment to Asset Acceptance, thereby suffering actual damages.

42.     Exhibit A and Exhibit B violates 15 U.S.C. §§ 1692 e(2)(A),(5),(10), and 1692f.

## CLASS ALLEGATIONS

43.     The Statute of Limitations Class consists of: All individuals with a Michigan address who were sent a letter, and the letter was not returned, in the form of Exhibit A or Exhibit B without containing language, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it", from April 3, 2014 to April 23, 2015, where the date of last payment was more than six years prior to the sending of the letter.

44.    The Improper Interest Class consists of: All individuals with a Michigan address who were sent a collection letter by LVNV or on LVNV's behalf, and the letter was not returned, where LVNV purchased a debt originating with HSBC Bank Nevada N.A, where the collection letter included an amount of interest which was added post charge off in the balance, at any time from April 3, 2014 to April 23, 2015.

45.    On information and belief, each class is so numerous that joinder of all members is impractical.

46.    Plaintiff alleges on information and belief that there are more than 40 persons of each class.

47.    There are questions of law and fact common to the class and subclass that predominate over any questions affecting only individual class members.

48.    The predominant common question to the Statute of Limitations Class is whether Defendants violated the FDCPA when it attempt to collect a time barred debt using the phrase, "we have been authorized to negotiate GENEROUS SETTLEMENT TERMS" and did not inform the debtor that, "The law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it."

49.    The predominant common question to the Improper Interest Class is whether Defendants violated the FDCPA when they attempted to collect an

improper amount of interest on an account HSBC Bank Nevada N.A account that was charged off.

50.   Plaintiff will fairly and adequately protect the interests of each class.

51.   Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

52.   A class action is an appropriate method for the fair and efficient adjudication of this controversy.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff, each of the classes and against Defendant for, statutory damages, actual damages, attorney's fees and costs of suit.

## COUNT II

53.   Plaintiff incorporates paragraphs 1-34 above herein.

54.   "The FDCPA contains language that is very similar to that found in the MCPA." *Gamby v. Equifax Info. Servs. LLC,* 462 Fed. Appx. 552, 556 n.5 (6th Cir. 2012) (unpublished).

55.   Plaintiff's MCPA class claims here mirror Plaintiff's FDCPA class claims.

56.   "[I]n the absence of any such circumstance [set forth in 28 U.S.C. § 1367(c)], it does not appear that a court would be authorized—let alone required—to decline to exercise jurisdiction." *Hucul Advertising, LLC v. Charter Twp. Of*

*Gains,* 748 F.3d 273, 281 (6th Cir. 2014).  No set of circumstances set forth in 28 U.S.C. § 1367(c) exist here.

57.    MCL 445.252(e) prohibits a regulated person from "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt[.]"

58.    MCL 445.252(f) and its respective subsections prohibit a regulated person and a collection agency from misrepresenting the legal action being threatened and from misrepresenting the legal rights of the creditor.

59.    Defendants violated MCL 445.252(e) and MCL 445.252(f).

## CLASS ALLEGATIONS

60.    The Statute of Limitations Class consists of: All individuals with a Michigan address who were sent a letter, and the letter was not returned, in the form of Exhibit A or Exhibit B without containing language, "The law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it", from April 3, 2009 to April 23, 2015, where the date of last payment was more than six years prior to the sending of the letter.

61.    The Improper Interest Class consists of: All individuals with a Michigan address who were sent a collection letter by LVNV or on LVNV's behalf, where LVNV purchased a debt originating with HSBC Bank Nevada N.A, where the collection letter included an amount of interest which was added post charge

off, and sought to collect that added interest at any time from April 3, 2009 to April 23, 2015.

62.    On information and belief, each class is so numerous that joinder of all members is impractical.

63.    Plaintiff alleges that there are more than 40 persons of each class.

64.    There are questions of law and fact common to the class and subclass that predominate over any questions affecting only individual class members.

65.    The predominant common question to the Statute of Limitations Class is whether Defendants violated the MCPA when it attempt to collect a time barred debt using the phrase, "we have been authorized to negotiate GENEROUS SETTLEMENT TERMS" and did not inform the debtor that, "The law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it."

66.    The predominant common question to the Improper Interest Class is whether Defendants violated the MCPA when they attempted to collect an improper amount of interest on an account HSBC Bank Nevada N.A account that was charged off.

67.    Plaintiff will fairly and adequately protect the interests of each class.

68.    Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

69.    A class action is an appropriate method for the fair and efficient adjudication of this controversy.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for statutory damages, trebled if Defendants' conduct is found to be willful, injunctive relief barring Defendants' practices complained of, attorney's fees and costs of suit as allowed by the MCPA.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

WARNER LAW FIRM, LLC
Curtis C. Warner (P59915)
350 S. Northwest HWY, Ste. 300
Park Ridge, IL 60068
(847) 701-5290
cwarner@warnerlawllc.com

KELLEY & EVANCHEK PC
John A. Evanchek (P66157)
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540
john@kelawpc.com

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

13

WARNER LAW FIRM, LLC
Curtis C. Warner (P59915)
350 S. Northwest HWY, Ste. 300
Park Ridge, IL 60068
(847) 701-5290
cwarner@warnerlawllc.com

KELLEY & EVANCHEK PC
John A. Evanchek (P66157)
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540
john@kelawpc.com