UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

TONITA THOMPSON,

        Plaintiff,        Civil Action No. 15-11281
                              Honorable Matthew F. Leitman
v.                            Magistrate Judge Elizabeth A. Stafford

LVNV FUNDING LLC, et al.,

        Defendants.
_____/

**ORDER REGARDING OCTOBER 15, 2015 HEARING DATE**

Tonita Thompson brought this proposed class action suit against LVNV Funding LLC ("LVNV") and J.C. Christensen & Associates, Inc. ("JCC"; collectively "Defendants") alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* [R. 1]. On August 25, 2015, Thompson filed a motion to compel discovery, which the Honorable Matthew F. Leitman referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). [R. 18; R. 20]. On September 3, 2015, the Court held a telephonic status conference regarding the motion to compel, during which Thompson's counsel, Curtis Warner, and Defendants' counsel, Matthew Kostolnik, agreed to specific dates for, among other matters, supplemental briefing and a formal hearing. Later that date, the

Court entered an order summarizing the parties' agreements, which stated in part:

> Thompson must file a supplement to its motion to compel by **October 8, 2015**, outlining all of the remaining unresolved issues. Defendants must respond to Thompson's filing by **October 13, 2015**, and the Court will hold a hearing on the unresolved discovery issues on **October 15, 2015 at 10:00 a.m.** Unless the parties resolve all outstanding issues beforehand, both Mr. Warner and Mr. Kostolnik must attend the hearing in person.

[R. 23 at PgID 133].

Two weeks later, Defendants filed objections to the order, asking for the hearing to be rescheduled because Mr. Kostolnik has a jury trial in Fargo, North Dakota on October 15, 2015. [R. 24]. Thompson also objected to the portion of the order requiring that Mr. Kostolnik attend the hearing, and argued that one of Defendants' other attorneys of record should appear in his place on October 15. [R. 25]. Defendants responded to Thompson's objection, contending that there was no discussion or agreement during the phone conference regarding an October 15 hearing date that required Mr. Kostolnik to appear in person. [R. 26]. Defendants again requested that the hearing date be rescheduled because Mr. Kostolnik is the attorney most familiar with the discovery issues. [*Id.*].

As a preliminary matter, the Court must clarify the previous order. In stating that Mr. Warner and Mr. Kostolnik must attend the hearing in

person, the Court merely meant that an attorney of record for each party must attend the hearing in person. Thus, the only real issue is whether Mr. Kostolnik's unavailability on October 15 warrants rescheduling the date of the hearing, notwithstanding the availability of other defense counsel. The Court construes Defendants' request to reschedule the hearing as a motion for reconsideration rather than an objection, and will deny that request.

Contrary to Defendants' implication otherwise, the October 15 hearing date was prominently discussed during the phone conference, and the briefing dates were set to accommodate that hearing date. Mr. Kostolnik did not complain during the phone conference that he would be unavailable; to the contrary, he agreed to an October 15 hearing date. Defendants' expressed preference that Mr. Kostolnik be present at the hearing is an insufficient basis to reschedule the agreed-upon date. One of the three other defense attorneys of record can attend the hearing and more than adequately represent Defendants' interests.

Accordingly, the Court will not reschedule the October 15, 2015 hearing date.

**IT IS ORDERED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 22, 2015

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1). Unless ordered otherwise by the Court, the filing of an appeal to the District Judge does not stay the parties' obligations in this Order. *See* E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 22, 2015.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager
